UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LLOYD BOBO, JR.                              CIVIL ACTION NO. 13-cv-2943

VERSUS                                       JUDGE WALTER

N. BURL CAIN                                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

A Caddo Parish jury convicted Lloyd Bobo, Jr. ("Petitioner") of two counts of possession with intent to distribute Schedule I drugs (marijuana and Ecstasy) and one count of possession with intent to distribute Schedule II drugs (cocaine). Petitioner was adjudicated a third-felony offender and sentenced to serve 25 years imprisonment for each Schedule I count plus 30 years on the Schedule II count, with all sentences to run consecutively for a total of 80 years.

The convictions and sentences were affirmed on direct appeal. State v. Bobo, 77 So.3d 1 (La. App. 2d Cir. 2011), writ denied, 76 So.3d 1202 (La.). Petitioner also pursued a post-conviction application in state court. He now seeks federal habeas corpus relief on several grounds. For the reasons that follow, it is recommended that the petition be denied.

### Sufficiency of the Evidence

   A.  Relevant Facts

Narcotics agent Manuel Rosado and Officer Jeremy Edwards, both of the Shreveport Police Department, stopped Petitioner in the Cedar Grove area of Shreveport for failing to

come to a complete stop at a stop sign. The officers conducted a pat-down search and discovered a wad of cash totaling $1,700. There was an outstanding warrant for Petitioner for driving with a suspended license, so he was arrested and taken to jail. His rental car was impounded, and an inventory search turned up a loaded .40 caliber handgun beside the center console.

Agent Rosado testified that Petitioner was moving around a lot in the back seat of the police car while being taken to jail. After Petitioner was removed from the car, Officer Edwards searched the back seat area and found what appeared to be a bag of drugs on the floorboard where Petitioner had been seated. The items were tested and found to be marijuana, powder cocaine, crack cocaine, and Ecstasy. Rosado said it was standard procedure to check the police cars before and after each shift, as well as after transporting an arrestee. On that shift, Petitioner was the only person who had been arrested and transported in that car.

The State did not submit any fingerprints or other physical evidence to link Petitioner to the drugs. The jury convicted Petitioner of the drug counts, but it acquitted him of possessing a firearm in connection with drug activity.

### B. Jackson v. Virginia

Petitioner challenges the sufficiency of the evidence to support the drug convictions. In evaluating his challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). The Jackson inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 113 S.Ct. 853, 861 (1993).

### C. Analysis

The state appellate court noted that the crimes charged required proof that Petitioner knowingly and intentionally possessed the drugs and that he did so with specific intent to distribute. Possession could be proved by evidence of physical or constructive possession, and intent to distribute could be based on circumstantial evidence such as the amount of the substance and the manner in which it was packaged or carried.

The appellate court easily concluded that a rational jury could have found that Petitioner was in physical possession of the drugs and disposed of them while he was in the back seat of the police unit. The only seriously contested element was intent to distribute. Relevant evidence included Agent Rosado's testimony that, based on his experience, the large quantity and variations of the drugs, coupled with a large sum of money, caused him to believe that Petitioner was a distributor rather than a user. He described the amount of Ecstasy as being more than a handful of pills.

Agent Carl Townley of the narcotics unit testified as an expert in the packaging and sale of drugs. He testified that the crack cocaine was packaged in quantities for resale, in different quantities, and he found the large amount of cash on Petitioner inconsistent with

being a crack user. Most users do not have much cash on them because they spend it on crack. Townley said the 90 or so Ecstasy tablets were consistent with distribution rather than personal use, and he found the packaging and amounts of the 10 grams of marijuana and one gram of powder cocaine also consistent with distribution. He pointed out that Petitioner did not possess a crack pipe or other paraphernalia associated with use of drugs.

The state appellate court reviewed the evidence and assessed it under the elements of the crime. It concluded that a rational trier of fact could have reasonably concluded that Petitioner was guilty beyond a reasonable doubt of possession of the Schedule I and II drugs with intent to distribute. State v. Bobo, 77 So.3d at 44-48.

The state court adjudicated this claim on the merits, so habeas relief is available only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus a state-court decision rejecting a sufficiency challenge is reviewed under a doubly deferential standard. It may not be overturned on federal habeas unless the decision was an objectively unreasonable application of the deferential Jackson standard. Parker v. Matthews,132 S.Ct. 2148, 2152 (2012); Harrell v. Cain, 595 Fed. Appx. 439 (5th Cir. 2015).

The state court's decision included a thorough and thoughtful assessment of the facts and application of the Jackson standard in light of the elements of the crime and the offered

defense. The jury had evidence of guilt before them that they could reasonably accept, and the appellate court could find that verdict appropriate under Jackson. A reasonable person might reach a different conclusion based on the evidence presented, but "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." Cavazos v. Smith, 132 S.Ct. 2, 4 (2011). The state court's decision was an entirely reasonable application of Jackson to the verdict, so there is no basis for federal habeas relief with respect to this claim.

**Loss of Video Recording**

The State served a discovery response that included a letter from the police department regarding the prosecutor's request for in-car video related to the arrest. The evidence clerk reported that no videos from the car involved on that date were marked to be saved, and video not marked is deleted from the server after 65 days. Accordingly, there was no available video. Tr. 56-57.

Officer Edwards testified that his car had been equipped with a video system that recorded outside events when his emergency lights were activated, and it would have recorded the back seat area even after the lights were turned off unless he manually deactivated the recorder. The agency had, about a month earlier, transitioned from video cassette tapes to a digital system that automatically uploaded the recordings from the car to the agency server when the unit returned to the station. Edwards had received some

instruction on how to request preservation of video, but there was an inadvertent failure to do so in this case. Tr. 199-207.

Petitioner argued on direct appeal that he was prejudiced by the absence of the video. His entire argument was presented under a "spoliation of evidence" theory and cited Louisiana tort law decisions on the doctrine. He did not invoke any federal constitutional law with respect to this claim in either his brief to the appellate court (Tr. 382-86) or the Supreme Court of Louisiana (Tr. 485-90). The state appellate court assessed the claim under those same state-law authorities, found that there had been an adequate explanation of how the footage was lost, and concluded that the concept of spoliation did not apply. State v. Bobo, 77 So.3d at 17-18.

An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). One aspect of exhaustion requires that the claim be presented to the state court within a federal constitutional framework. Scott v. Hubert, 635 F.3d 659, 667 (5th Cir 2011), citing Baldwin v. Reese, 124 S.Ct. 1347 (2004). The determination of whether the claim was presented as a federal claim is made by looking to the briefs filed in state court. Smith v. Digmon, 98 S.Ct. 597 (1978); Soffar v. Dretke, 368 F.3d 441, 467 (5th Cir. 2004). An examination of Petitioner's briefs in the state court with respect to this claim show that he did not present a federal constitutional claim based on the alleged spoliation. His arguments were based solely on state law so did not exhaust a federal claim.

Petitioner's brief to this court simply repeats his state law spoliation arguments, so he has neither exhausted in state court nor argued to this court that there was a federal constitutional violation associated with this issue. The habeas statute provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). Thus, there is no basis for habeas relief even if Petitioner were correct on his state law arguments.

**Surprise Witness**

At the beginning of trial, defense counsel stated that he had recently learned that the prosecution intended to call Detective Townley, and counsel complained that he was unaware of this and had not been provided any information from Townley in discovery. The prosecutor responded that Townley would testify as an expert regarding the drugs and intent, but he had no written report to provide during discovery. After a discussion, Townley was allowed to testify. Tr. 114-16.

Plaintiff argued on direct appeal that he was entitled to a reversal because he was prejudiced by Townley's surprise testimony. His arguments to the appellate court (Tr. 387-89) and the Supreme Court of Louisiana (Tr. 483-85) were based solely on the alleged violation of the discovery provisions of the Louisiana Code of Criminal Procedure and State

v. Mitchell, 412 So.2d 1042 (La. 1982), which addressed the proper remedy for violation of the state discovery rules.

Neither Petitioner's arguments to the state courts nor his arguments to this court with respect to this issue raise a federal constitutional argument related to the claim. Accordingly, and for the reasons stated with respect to the prior claim, Petitioner neither exhausted in state court nor presented to this court a federal claim on which habeas relief could be granted. Federal courts will not review a state court's interpretation of its own laws and do not sit as "super state supreme courts" to review errors of state law. Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir.1991).

**Denial of Motion for New Trial**

Plaintiff argues that the state court erred in denying his motion for new trial that was based on (1) his alleged surprise at having Detective Townley testify at trial and (2) the loss of the video recording. Plaintiff's arguments to the appellate court (Tr. 390) and Supreme Court of Louisiana (Tr. 490-91) offered only that the denial was an abuse of discretion. The briefs did not present this claim as a federal constitutional violation. Petitioner's memorandum in this court repeats the arguments and adds a conclusory assertion that the denial violated his due process rights under the Fourteenth Amendment. Petitioner did not, however, properly exhaust a federal claim with respect to this issue, so relief is not available.

**Multiple Offender Adjudication**

 **A. Boykin Waivers at Prior Conviction**

 Petitioner argues that the evidence was not sufficient to prove that he was a third-felony offender because the State failed to produce the transcript of the guilty plea of his second Caddo Parish conviction to show that he made proper Boykin waivers. The State's burden on the propriety of Boykin waivers at a prior-conviction plea was set forth in State v. Shelton, 621 So.2d 769 (La. 1993). The State has the initial burden to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets that burden, the defendant then has the burden to produce affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the plea. If he meets that burden, the burden of proving the constitutionality of the plea shifts to the State. The State can meet that burden with a "perfect transcript" of the guilty plea that reflected a proper Boykin colloquy. If the State introduces anything less, such as a guilty plea form or minute entry indicating Boykinization was conducted, the judge has to weigh the evidence to determine whether the State met its burden of proving the prior guilty plea was informed and voluntary and in compliance with Boykin.

 The prosecution submitted only minutes of the challenged prior guilty plea. Those minutes stated that Petitioner was represented by attorney Daryl Gold at the plea and was advised of his constitutional rights "as per Boykin v. Alabama," but without specification of those rights in the minutes. The state appellate court found that this satisfied the State's

initial burden under Shelton, and Petitioner did not allege any particular infringement of his rights that would require the State to produce a perfect transcript or other evidence to meet its burden. State v. Bobo, 77 So.3d at 8-15. The state court's decision appears to be in line with applicable law and supported by the record. Petitioner repeats his same arguments to this court, but he has yet to explain how the State's submission failed to satisfy its burden under state law.

Petitioner makes a related argument that counsel was ineffective for not seeking a continuance to allow time to review the transcript of the plea hearing. The appellate court rejected this argument because Petitioner did not show that there were valid grounds to ask for a continuance. State v. Bobo, 77 So.3d at 9, 14. Petitioner has now had several years to explore this issue, and he has yet to point to any deficiency in his prior plea that would demonstrate prejudice caused by the lack of a continuance.

**B. Fingerprint Evidence**

Petitioner also argues that the fingerprint evidence was insufficient to prove that he is the same person who committed the prior felonies. The multiple offender statute, in La. R.S. 14:529.1(D)(1)(b), states that "the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact." The constitutional sufficiency of the evidence standard of Jackson v. Virginia, 99 S.Ct. 2781 (1979), most often applied to test convictions, asks whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Jackson standard has been applied in at least

some habeas challenges to the sufficiency of the evidence in a multiple offender hearing. Warfield v. Warden, 2012 WL 3067604 (W.D. La. 2012); French v. Estelle, 692 F.2d 1021 (5th Cir. 1982).[1]

To prove that Petitioner was the person who committed the prior crimes, the State called fingerprint expert Lt. Owen McDonnell, who has testified in scores of such hearings over the years. He was shown a bill of information from a prior Bossier Parish conviction that had fingerprints from both hands of the defendant and a certification that they were the fingerprints of Lloyd Bobo, Jr. Tr. 80. McDonnell was also shown a single hand of fingerprints on a Caddo Parish bill that included a certification that they were the prints of Lloyd Bobo, Jr., black male, date of birth 12-2-76. Tr. 84. (The police reports related to the most recent crime indicate that Petitioner is Lloyd Bobo, Jr., black male, date of birth 12-2-76. Tr. 14.)

McDonnell took fingerprints from Bobo's right hand at the hearing. He first testified that he had compared that day's impressions to the Bossier Parish prints and that the right index impressions showed him that they were from the same individual. He then compared

---

[1] The Fifth Circuit has also said that the accused at sentencing does not enjoy the full panoply of due process protections that apply at trial. Even if the sentencing proceeding may involve the determination of particular facts given specific sentencing significance under the law, there is no due process requirement that they be established beyond a reasonable doubt or even by clear and convincing evidence. Buckley v. Butler, 825 F.2d 895 (5th Cir. 1987). See also Barajas v. Falk, 2015 WL 4575142, *8 (D. Colo. 2015) ("There is no indication that the Supreme Court of the United States has made a holding or pronouncement that has clearly established the proof necessary to convict a defendant as an habitual offender.")

the prints to the challenged Caddo Parish documents and again determined that the right index impression, "based on the overall ridge flow and the specific - - ridge events," persuaded him that the prints were all from the same individual. Tr. 332-34.

Petitioner argued on direct appeal that the fingerprint testimony was insufficient absent the use of overlays or more formal testing than the single print observation in the courtroom. Louisiana law allows any competent evidence to be used to satisfy the State's burden of proving that the defendant was the person convicted of the prior felony. The evidence may include expert opinion regarding fingerprints, photographs, or evidence of identical driver's license number, sex, race, and date of birth. State v. Dunn, ___ So.3d ___, 2016 WL 7407370, *4 (La. App. 1st Cir. 2016).

The state appellate court found no reason to believe that the qualified fingerprint expert could not identify the prints by visual observation, and Petitioner had not produced any reasons to show that the expert erred in his identification. The third-felony habitual offender adjudication was upheld. State v. Bobo, 77 So.3d at 16. Petitioner repeats the same arguments in his habeas petition, but they are no more persuasive. The fingerprint testimony has not been undermined, and there were other facts to link Petitioner to the prior convictions. He has not demonstrated that the state court's adjudication of this issue was unreasonable under the demanding standard of 28 U.S.C. § 2254(d).

**Erroneous Sentence**

Petitioner argued on direct appeal that he was erroneously sentenced to a total of 80 years in prison. His argument to the appellate court was based solely on Louisiana law and did not invoke the Eighth Amendment or other federal constitutional provision. Tr. 391-96. The same is true of Petitioner's application to the Supreme Court of Louisiana. Tr. 491-97. The appellate court addressed the sentencing arguments at length and did so solely in terms of Louisiana law. Petitioner did not, therefore, exhaust a federal constitutional violation with respect to his sentencing challenge.

Petitioner's memorandum to this court repeats his state law arguments and adds one sentence that asserts his rights under the Eighth Amendment were violated by excessive punishment. As explained, the federal claim was not exhausted. But even if it were, it is very difficult to overturn a state sentence based on a constitutional challenge. Graham v. Florida, 130 S.Ct. 2011 (2010). The Supreme Court has upheld lengthy sentences for habitual offenders, even when their crimes were not serious, and admitted that the lack of clarity in its precedents makes it difficult to obtain habeas relief under the deferential Section 2254(d) standard. Lockyer v. Andrade, 123 S.Ct. 1166 (2003). Petitioner's sentence fell within the statutory range and was determined to be in compliance with state law other than an inadequate articulation of sentencing factors. The case was remanded for such an articulation, which was then given, and no further appeal was filed. There is no basis for federal habeas relief based on these sentences.

**Ineffective Assistance of Counsel**

    A.  **Introduction; AEDPA Burden**

Petitioner argues that his attorney rendered ineffective assistance. To prevail on such a claim, Petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

Petitioner presented these claims in his post-conviction application. The claims were adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

    B.  **Bolstered the Defense**

Petitioner argued in his post-conviction application that counsel "bolstered the defense for the State" by admitting that Petitioner was guilty of possession of the drugs when Petitioner had always maintained his complete innocence. Tr. 545. Petitioner does not explain exactly how he contends counsel did this, but he cites pages 199-200 of the state trial

Page 14 of 20

record, which are part of the prosecutor's closing argument. Defense counsel's argument appears at state court record pages 193-98 (Tr. 301-06). Counsel did not offer any argument that Petitioner never possessed the drugs. He focused on the intent to distribute element, which was the element that increased the severity of the crime significantly. Counsel argued that the quantities were more in line with amounts for personal use and that not all drug users carried their usage paraphernalia in the car with them; some use at home. He did concede that he had "no reasonable explanation to give you on the Ecstasy" because of the number of pills.

Concession of guilt or facts can constitute ineffective assistance, but a petitioner must still show prejudice unless the attorney has utterly failed to subject the prosecution's case and conceded the only factual issues in dispute. Concession of guilt to a lesser-included offense or partial concessions of fact are analyzed under the Strickland test and require a showing of prejudice. Haynes v. Cain, 298 F.3d 375 (5th Cir. 2002) (en banc) (counsel conceded guilt of second degree murder in a capital case; habeas relief denied because strong evidence of guilt prevented a finding of prejudice).

The state trial court issued a perfunctory written ruling that addressed this and other ineffective assistance claims. The ruling merely stated that "petitioner claims ineffective assistance of counsel but has failed to meet his burden of proof and overcome the presumption that his counsel exercised reasonable professional judgment." Tr. 583. The appellate court summarily denied a writ application with a simple conclusion that Petitioner

failed to meet his burden under Strickland. Tr. 602. The Supreme Court of Louisiana denied writs without comment.

The state court's decision is entitled to deference despite its lack of explanation. "Section 2254(d) applies even where there has been a summary denial." Cullen v. Pinholster, 131 S.Ct. 1388, 1402 (2011). A petitioner who challenges a state court's summary denial may meet his burden under the first prong of Section 2254(d) only by showing that there was "no reasonable basis" for the state court's decision. The federal habeas court must determine what arguments or theories could have supported the summary decision, and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. Pinholster, 131 S.Ct. at 1402, citing Harrington v. Richter, 131 S.Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, quoting Yarborough v. Alvarado, 124 S.Ct. 2140 (2004).

There was no evidence to contradict the officers' testimony about Petitioner's movements in the back seat, the finding of the drugs in that area, and the absence of another source for the drugs. Counsel attempted to poke holes in the evidence through cross-examination, but he had not been successful. Reasonable persons could disagree over the wisdom of conceding the fact of possession in those circumstances. Assuming Petitioner disagreed with the strategy, which would require counsel to avoid such concessions,

Petitioner would still have to establish prejudice to merit relief. Given the lack of evidence or doubt to challenge the State's case with respect to the possession element, there is not enough of a basis for prejudice to hold that the state court's rejection of this claim was not only wrong but an objectively unreasonable application of the Strickland prejudice standard. There might be some room for debate, but not much, and that is far from enough to permit habeas relief.

### C. No Objection to Jury Instruction

Petitioner argued in his post-conviction application that his jury instructions "contributed to his conviction, and prejudiced him." He faulted his counsel for not objecting. Petitioner did not specify any particular jury instruction that should have been challenged, but he did observe that the Supreme Court had held unconstitutional an instruction that created a mandatory presumption on the element of intent. Sandstrom v. Montana, 99 S.Ct. 2450 (1979). The State represents that no such instruction was given, and review of the transcript of the instructions (Tr. 310-21) does not reveal one. Accordingly, the state courts were correct to reject this claim.

### D. No Motion to Suppress

Petitioner argued in his post-conviction application that his counsel should have pursued a motion to suppress the cash that was found on his person during the pat-down search conducted after the traffic stop. Petitioner devoted only a few lines of argument to the issue, and the basis for suppression that he advocates is not clear. Petitioner

acknowledges that an officer making an investigative detention may conduct a Terry frisk with reasonable suspicion the person is armed, but Petitioner appears to suggest that his search was of a degree that the officers needed (1) probable cause to search or (2) probable cause to make an arrest and then conduct a search incident to arrest.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 106 S.Ct. 2574, 2583 (1986); Shed v. Thompson, 2007 WL 2711022, *5 (W.D. La. 2007).

The Supreme Court recently addressed a case in which there was an allegedly unlawful investigatory stop and seizure of evidence. The Court held that the officer's later discovery of a valid, preexisting arrest warrant attenuated the connection between the unlawful stop so that suppression was not warranted. Utah v. Strieff, 136 S.Ct. 2056 (2016). Plaintiff was arrested in this case after officers discovered that there was a preexisting warrant for his arrest. Even if the original frisk had not been conducted, the discovery of the warrant would have led to an arrest and a lawful search incident to that arrest. There is, therefore, not a reasonable probability that counsel could have prevailed on such a motion to suppress the $1,700 and garnered a different verdict in the case.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the

denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of January, 2017.

Mark L. Hornsby
U.S. Magistrate Judge